Hon. Barbara J. Rothstein

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON - AT SEATTLE

8

9

SHAZOR LOGISTICS, LLC,

NO. 2:24-cv-00968 BJR

10

Plaintiff,

**STIPULATED MOTION TO SEAL
AND ORDER**

11

v.

12

AMAZON.COM, LLC and AMAZON
LOGISTICS, INC.,

13

Defendants.

14

15

**STIPULATED MOTION TO SEAL**

16

**I.    INTRODUCTION**

17

By way of response to Plaintiff ShaZor Logistics, LLC's Motion to Seal at Dkt. No. 5, and

18

pursuant to Local Civil Rule 5(g), Defendants Amazon.com, Inc. (identified as Amazon.com, LLC)

19

and Amazon Logistics, Inc. (together, "Amazon Logistics") and Plaintiff ShaZor Logistics, LLC

20

("ShaZor") jointly move to seal and redact confidential exhibits filed provisionally under seal by

21

ShaZor with its Motion to Vacate.

22

23

24

25

26

**STIPULATED MOTION TO SEAL AND
ORDER** - 1
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

Specifically, the parties respectfully request that, with respect to the Declaration of Daimeon Cotton filed at Dkt. Nos. 4 and 6[1], the Court maintain under seal **Exhibits P, L, Y and BB** and redact confidential information from **Exhibits C, H, I, J, and V** (together, the "Confidential Exhibits").

Amazon Logistics produced **Exhibits H, I, J, L, P, Y and BB** in discovery in the parties' underlying arbitration and these documents have been designated by Amazon Logistics as "Confidential" under the protective order entered by the arbitration panel. **Exhibit C** comprises excerpts of the transcript from the parties' confidential final arbitration hearing on February 5 and 6, 2024, which is likewise designated as "Confidential" under the operative protective order, as is **Exhibit V**, the final arbitration award. As set forth below, there are compelling reasons to maintain information in these exhibits redacted and under seal.

## II.   BACKGROUND

In 2018, Amazon Logistics engaged ShaZor as a last-mile delivery provider to transport packages from local delivery stations in Michigan to customers pursuant to the terms of the parties' contract, the Delivery Service Partner Agreement ("Agreement"). Dkt. No. 22, Ex. V at 1. The Agreement provided for an initial one-year term and the possibility of renewal for successive terms, although either party could avoid renewal via written notice within 30 days of the end of a term. *Id.* at 1-2. The Agreement also included a confidentiality provision. Dkt. No. 22, Ex. CC § 7. Following its fourth term, Amazon Logistics did not renew the contract at the end of its term, effective as of the end of March 2022. Dkt. No. 22, Ex. N.

In June 2022, ShaZor sued Amazon Logistics in federal court. *See generally* Dkt. No. 4, Ex. B. After Amazon Logistics successfully compelled arbitration, ShaZor brought the same claims in a Demand for Arbitration dated October 2022. The parties selected an arbitration panel of three former

---

[1] An amended version of Dkt. No. 6 was filed jointly by the parties at Dkt. No. 22. This Court struck Dkt. No. 6. as originally filed. Dkt. No. 23 (Order Granting Stipulated Motion to Strike and Replace Dkt. No. 6). Accordingly, this motion is directed to the amended compilation of sealed exhibits, filed at Dkt. No. 22.

**STIPULATED MOTION TO SEAL AND ORDER** - 2
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

1   Washington State judges: the Honorable Laura Inveen (ret.), the Honorable Bruce Heller (ret.), and

2   the Honorable George Finkle (ret.).

3       On December 22, 2022, the panel entered a Stipulated Protective Order that had been jointly

4   proposed by the parties. The Protective Order designated as Confidential all matters relating to the

5   arbitration, including pleadings, discovery material, orders, and any interim or final award, barring

6   disclosure except in limited circumstances.

7       In February 2024, the parties participated in a two-day confidential arbitration on ShaZor's

8   sole remaining claim of retaliation under 42 U.S.C. § 1981 ("Section 1981").[2] The full hearing

9   transcript was designated "Confidential," as were the arbitration exhibits. Following the hearing, the

10  panel found in favor of Amazon Logistics, concluding ShaZor did not prove its claim. Dkt. No. 22,

11  Ex. V at 3-5.

12      On July 1, 2024, ShaZor petitioned this Court to vacate the arbitration award. Dkt. No. 1. It

13  also filed a memorandum supporting its petition (Dkt. No. 3), which this Court converted into a

14  motion to vacate by agreement of the parties, along with a declaration of counsel attaching publicly

15  filed exhibits (Dkt. No. 4), and a compilation of sealed exhibits (Dkt. No. 6).

16      The parties thereafter agreed to strike and replace the initially filed sealed exhibits (Dkt. No. 6)

17  with a narrowed compilation of sealed exhibits (Dkt. No. 22). The Court granted the parties' stipulated

18  motion, replacing Dkt. No. 6 with the amended compilation of exhibits filed at Dkt. No. 22. *See* Dkt.

19  No. 23. As amended, Dkt. No. 6 comprises 24 hearing records (or excerpts thereof) from the parties'

20  confidential arbitration. Of those exhibits, the parties ask the Court to maintain under seal four

21  exhibits: **Exhibit P** (a PowerPoint presentation), **Exhibit L** (terms of an offer to ShaZor), and

22  **Exhibits Y and BB** (instant message conversations). The parties also ask the Court to redact

23  confidential and proprietary portions of five other exhibits: **Exhibit C** (hearing testimony of an

24  Amazon Logistics witness), **Exhibits H, I, and J** (legal notices issued to ShaZor), and **Exhibit V** (the

25  arbitration award).

26
---
[2] The panel dismissed ShaZor's other claims at summary judgment. Dkt. No. 4, Ex. S.

**STIPULATED MOTION TO SEAL AND ORDER** - 3
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

### III.   CERTIFICATION OF LCR 5 CONFERENCE

In compliance with Local Civil Rule 5(g)(3)(A), counsel for Amazon Logistics, Diana Breaux and Eva Oliver, conferred with counsel for ShaZor, Nathan Nanfelt and Daimeon Cotton, via Zoom videoconferences on August 22, 2024, and August 29, 2024. The parties agreed to strike and replace the compilation of exhibits originally filed by ShaZor with an amended version containing excerpts, where appropriate, to narrow the scope of sealed documents at issue in this motion. Accordingly, the parties filed a stipulated motion strike and replace Dkt. No. 6 with an amended version on August 29, 2024, and contemporaneously filed the amended exhibits under seal.[3] *See* Dkt. Nos. 21-22. The Court granted the parties' stipulated motion. Dkt. No. 23. This motion is therefore directed to the amended exhibits. ShaZor joins Amazon Logistics' requests to seal and redact.

### IV.   ARGUMENT

Through this stipulated motion to seal, the parties ask this Court to maintain under seal only a fraction of the record of the confidential arbitration submitted with ShaZor's Motion to Vacate (four exhibits and portions of five others) based on the confidential and commercially sensitive information about Amazon's Delivery Service Partner ("DSP") program contained therein.

### A.   Legal Standard

Although there exists a "strong presumption in favor of access [to court records]," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), this presumption "is not absolute and can be overridden given sufficiently compelling reasons for doing so," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Courts must "conscientiously balance" the interest of the public's access with the reasons a party seeks to keep a document or information private. *See Kamakana*, 447 F.3d at 1179.

A court may seal records when there is a "compelling reason" to do so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). "What constitutes a 'compelling reason'

---

[3] The parties also moved to strike and remove from the docket Exhibit V, which was originally filed publicly and is now in the record under seal as contemplated by the parties' Stipulated Protective Order.

**STIPULATED MOTION TO SEAL AND ORDER** - 4
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

is 'best left to the sound discretion of the trial court.' Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

Courts routinely seal "business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). For example, proprietary business methods and practices, business policies and procedures related to operations, and business analytics. *Id.* (sealing licensing agreement containing pricing terms, royalty rates, and guaranteed minimum payment terms); *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 WL 1356212, at *2 (W.D. Wash. Apr. 7, 2014) (sealing employee compensation plans); *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-CV-00347-AN, 2024 WL 1526504, at *1 (D. Or. Apr. 8, 2024) (finding compelling reasons warranted sealing "confidential business and operations strategies" and "analytical methods").

Additionally, under Local Civil Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." *See* LCR 5(g)(3)(B).

**B.      Compelling Reasons Warrant the Requested Confidential Treatment.**

Each of the Confidential Exhibits contains highly confidential and commercially sensitive information about Amazon Logistics' administration and operation of its DSP program.

- **Exhibit C** comprises excerpts from the multi-day arbitration hearing transcript. The parties seek to redact portions of testimony of Amazon Logistics witnesses as to the confidential methods and practices Amazon Logistics' Network Health team uses in deciding whether to renew business contracts with delivery service partners, as well

**STIPULATED MOTION TO SEAL AND ORDER** - 5
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

1

2

as the process by which Amazon Logistics issues breach of contract notices and analytics reflecting the same.

3

4

5

- **Exhibits H, I, and J** are legal notices Amazon Logistics issued to ShaZor. The parties ask to redact references to terms of the Program Policies, a non-public document containing confidential, commercially sensitive terms of the DSP Program.

6

7

- **Exhibit L** is an email to ShaZor which, in its entirety, reflects confidential terms of an offer to end the parties' business contract.

8

9

10

11

12

13

14

15

16

17

18

- **Exhibits Y and BB** are instant message conversations. With the exception of a small portion of page two that ShaZor cites in its motion, **Exhibit Y** includes extraneous information relating to third party businesses and Amazon Logistics' operations unrelated to this matter and yet reveal proprietary information about Amazon Logistics' internal processes regarding routing, fleet management, enforcement of program requirements, and station management. The portion of the exhibit cited in ShaZor's motion reflects confidential information revealing Amazon Logistics' business processes and strategy. The parties accordingly seek to keep the exhibit in its entirety under seal. **Exhibit BB** likewise comprises confidential information about Amazon Logistics' internal processes regarding routing, fleet management, and enforcement of program requirements, such that redactions would be impractical.

19

20

21

22

- **Exhibit P** is a PowerPoint presentation that includes aggregate data on the performance of hundreds of non-party businesses that partner with Amazon Logistics through the DSP program. Each substantive slide of the PowerPoint reflects such confidential material and, therefore, redactions are infeasible.

23

24

25

26

- **Exhibit V** is the arbitration award, deemed confidential under the parties' agreed protective order, as to which the parties seek leave to redact confidential portions consistent with the proposed redactions to the hearing transcript (**Exhibit C**) and legal notices (**Exhibits H, I, and J**).

**STIPULATED MOTION TO SEAL AND ORDER** - 6
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

In short, each of these documents contains highly confidential and commercially sensitive information about Amazon Logistics' operation of its DSP program. Public disclosure of this information could cause Amazon Logistics competitive harm. By proposing redactions wherever possible, the parties have proposed the least restrictive means sufficient to protect Amazon Logistics' interests.

At the same time, the public's interest in access to this information is minimal as the redacted information has only a tenuous connection to the issues before this Court. *Mobiloc, LLC v. Neutron Holdings, Inc.*, 555 F. Supp. 3d 1040, 1047 (W.D. Wash. 2021) (granting motion to seal where materials "contain[ed] confidential and sensitive business information in which the public has a minimal interest"). ShaZor cites the subject exhibits only for background. Dkt. No. 3. Amazon Logistics, for its part, cites portions of testimony in Exhibit C only to refute ShaZor's claim that the tribunal relied on evidence not in the record. Further, the FAA specifically precludes this Court from re-weighing the evidence or revisiting disputed issues of fact resolved by the tribunal. Put simply, this Court cannot engage in fact finding in resolving ShaZor's Motion to Vacate; rather, the Court's review is limited to whether the *award* reflects manifest disregard of applicable law or evident partiality on the part of the tribunal. Given the narrow scope of this proceeding, the public cannot be said to have an interest in immaterial confidential information admitted as evidence in the underlying arbitration. On balance, compelling reasons to seal far outweigh the public's interest in portions of the arbitration hearing record filed to provide background context.

## V.   CONCLUSION

For the foregoing reasons, the parties respectfully ask the Court to maintain Exhibits L, P, Y and BB under seal and to permit the redaction of confidential portions of Exhibits C, H, I, J, and V, as filed herewith.

**STIPULATED MOTION TO SEAL AND ORDER** - 7
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

1    STIPULATED this 3rd day of September, 2024.

2    I certify that this memorandum contains 2,068 words, in compliance with the Local Civil

3  Rules.

4

5  KELLER ROHRBACK L.L.P.

6  *s/Nathan L. Nanfelt (with authorization given)*
   Juli E. Farris, WSBA #17593
7  *jfarris@kellerrohrback.com*
   Nathan L. Nanfelt, WSBA #45273
8  *nnanfelt@kellerrohrback.com*
   1201 Third Avenue, Suite 3200
9  Seattle, WA  98101
   Tel:  (206) 623-1900
10

11  Daimeon Montrez Cotton**,** MI License #P75563
    Admitted *Pro Hac Vice*
12  *dcotton@cottonlawcenter.com*
    COTTON LAW CENTER, PLLC
13  13900 Woodward Avenue
    Highland Park, MI  48203
14  Tel:  (313) 998-2017

15
    ***Counsel for Plaintiff***
16

17

18  SUMMIT LAW GROUP, PLLC

19  *s/Diana Siri Breaux*
    Diana Siri Breaux, WSBA #46112
20  *dianab@summitlaw.com*
    Selby P. Brown, WSBA #59303
21  *selbyb@summitlaw.com*
    Hathaway Burden, WSBA #52970
22  *hathawayb@summitlaw.com*
    Eva Sharf Oliver, WSBA #57019
23  *evao@summitlaw.com*
    315 Fifth Avenue S., Suite 1000
24  Seattle, WA  98104-2682
    (206) 676-7000
25

26  ***Counsel for Defendants***

**STIPULATED MOTION TO SEAL AND ORDER** - 8
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**

## **ORDER**

Upon consideration of the parties' jointly filed Stipulated Motion to Seal, filed on September 3, 2024, the Court finds as follows:

1. There are compelling reasons to seal Exhibits L, P, Y and BB in full and to seal the redacted portions of Exhibits C, H, I, J, and V. Each of these exhibits contains highly confidential and commercially sensitive information about Amazon Logistics' administration and operation of its Delivery Service Partner program, public disclosure of which could cause Amazon Logistics competitive harm.

2. The public's interest in access to this information is minimal. The sealed information was included with Plaintiff's motion to vacate for the purpose of providing background context and has only a tenuous connection to the issues before this Court. Public access to these records will not meaningfully further the public's understanding of this judicial proceeding.

Accordingly, the Court GRANTS the parties' Stipulated Motion to Seal and ORDERS the Clerk to maintain Exhibits L, P, Y, and BB under seal and to maintain the unredacted versions of Exhibits C, H, I, J, and V under seal.

IT IS SO ORDERED.

Dated this 1st day of October 2024.

_____
Honorable Barbara J. Rothstein
UNITED STATES DISTRICT COURT JUDGE

**STIPULATED MOTION TO SEAL AND ORDER** - 9
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
www.summitlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I, **Kathi Milner,** hereby certify under penalty of perjury of the laws of the State of Washington that on September 3, 2024, I caused a true and correct electronic copy of the foregoing document to be served on the following and in the manner indicated:

*Counsel for Plaintiff:*

**Juli E. Farris**, WSBA #17593
*jfarris@kellerrohrback.com*
**Nathan L. Nanfelt,** WSBA #45273
*nnanfelt@kellerrohrback.com*
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel:  (206) 623-1900

☒ **CM/ECF System**
☒ **Email**

**Daimeon Montrez Cotton,** MI License #P75563
Admitted *Pro Hac Vice*
*dcotton@cottonlawcenter.com*
COTTON LAW CENTER, PLLC
13900 Woodward Avenue
Highland Park, MI  48203
Tel:  (313) 998-2017

☒ **CM/ECF System**
☒ **Email**

DATED this 3rd day of October, 2024, at Seattle, King County, Washington.

SUMMIT LAW GROUP, PLLC

 *s/Kathi Milner*
**Kathi Milner,** Legal Assistant
*kathim@summitlaw.com*

**STIPULATED MOTION TO SEAL AND ORDER** - 10
(Case No. 2:24-cv-00968 BJR)

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone (206) 676-7000
Fax (206) 676-7001
**www.summitlaw.com**