The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAZOR LOGISTICS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, LLC and AMAZON LOGISTICS, INC.,<br><br>    Defendants. | No. 24-cv-968-BJR<br><br>**ORDER DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD** |

## I.    INTRODUCTION

Plaintiff ShaZor Logistics, LLC ("ShaZor") and Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (collectively, "Amazon")[1] participated in arbitration proceedings before a panel of Arbitrators comprised of three former Washington State judges ("the panel"). The parties presented evidence over a two-day hearing, which addressed ShaZor's claims that Amazon retaliated against ShaZor owner James Smith in violation of 42 U.S.C. § 1981, and, therefore, Smith

---

[1] ShaZor misidentifies Amazon.com, Inc. as Amazon.com, LLC. *See* Def.'s Mot. at 1 n.1, Dkt. No. 25.

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 1

was entitled to exemplary damages. Following the hearing's conclusion, the panel issued a final written award of arbitration finding in favor of Amazon.

Currently before the Court is ShaZor's motion to vacate the arbitration award, Dkt. Nos. 1 and 3,[2] and Amazon's cross-motion to confirm the award. Having fully considered the materials and the relevant legal authorities, the Court denies ShaZor's motion to vacate the arbitration award and grants Amazon's cross-motion to confirm the award.

## II. BACKGROUND

### A. ShaZor's Relationship with Amazon

In 2018, Smith, an African American man, was selected to be a Delivery Service Partner ("DSP") for Amazon in Michigan. Pl.'s Mot. at ¶¶ 9-10. DSPs are last-mile delivery providers that transport packages from local delivery stations to customers. Def.'s Mot. at 2. Smith signed an initial agreement that provided for a one-year term as a DSP with the possibility of renewal for successive terms. *Id.* In November 2018, ShaZor, Smith's delivery company, began working as a DSP. Pl.'s Mot. at ¶ 10. Smith signed additional one-year contracts each of the following three years. Def.'s Mot. at 2.

On July 27, 2021, Daniel Rood, an Amazon regional manager, and Jeff Knapp, an Amazon station manager, conducted a phone call with Smith. Pl.'s Mot. at ¶ 11b. During the call, Rood indicated to Smith that Rood was not happy with ShaZor's performance. Ex. C at 60:9-18, Dkt. No. 22. Rood told Smith that they were going to have twice weekly calls because Rood wanted to

---

[2] This Order refers to ShaZor's petition to vacate the arbitration award, Dkt. No. 1, and accompanying memorandum of law in support of the petition, Dkt. No. 3, collectively as ShaZor's "motion to vacate." However, the remainder of this Order cites the petition to vacate as "Pl.'s Mot." and the memorandum of law as "Pl.'s MOL."

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 2

ascertain that Smith was working. *Id.* at 60:23-61:1. Smith felt that during the call Rood was being a bully and just waiting to call Smith the N-word. *Id.* at 61:3-6.

On August 5, 2021, Sean O'Brien, an Amazon business coach, sent Rood an instant message through Amazon Chime, stating that "[Smith] is going to quickly find out that not partnering with us is not best for his business." Pl.'s Mot. at ¶ 11c; Ex. E, Dkt. No. 22-2. On August 9, 2021, Rood submitted an "escalation" to Amazon, which reported that Smith was unwilling to communicate regarding changes to his hiring plan and had missed several scheduled meetings. Pl.'s Mot. at ¶ 11d; Ex. G, Dkt. No. 22-4. The following day, Smith responded to the escalation with an internal complaint of race discrimination against Rood and Knapp. Ex. G.

Following the July 27 call and August 5 chime message, ShaZor received various "Breaches of Contract" for failing to meet Amazon's DSP requirements. Ex. H, Dkt. No. 22-5; Ex. I, Dkt. No. 22-6; Ex. J, Dkt. No. 22-7. On September 27, 2021, ShaZor received its first Breach of Contract for "failure to scale," because ShaZor did not have enough routes during "Prime Week," which took place the week of June 20, 2021.[3] Pl.'s Mot. at ¶ 11f. In October 2021, ShaZor received a second Breach of Contract because a driver finished a route in a step van—a Department of Transportation ("DOT")-regulated vehicle—that the driver was not authorized to operate. *Id.* at ¶ 11g; Ex. C at 71:19-72:11, 283:1-284:10. In November 2021, ShaZor received a third Breach of Contract for not having enough routes for peak season. Pl.'s Mot. at ¶ 11h. In February 2022, Amazon notified Smith that his DSP contract would not be renewed. Pl.'s MOL at 7.

**B. The Initial District Court Proceedings and Arbitration Proceedings**

---

[3] Prime Week refers to a week when Amazon had multiple items on sale. Ex. C at 48:21-25.

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 3

In June 2022, ShaZor filed a complaint against Amazon in the United States District Court for the Eastern District of Michigan. Ex. B, Dkt. No. 4-2. The complaint alleged race discrimination and retaliation in violation of § 1981, various violations of contract law, and claimed exemplary damages. *Id.* Amazon filed a motion to compel arbitration, which the court granted. Ex. Q, Dkt. No. 4-4.

ShaZor filed a Demand for Arbitration with the American Arbitration Association that asserted the same claims as in his prior complaint. Ex. R, Dkt. No. 4-5. Amazon moved for summary judgment. Ex. S, Dkt. No. 4-6. The panel granted the motion as to all claims, except those for retaliation under § 1981 and exemplary damages. *Id.*

During the arbitration proceedings, both sides presented documentary and testimonial evidence. ShaZor presented evidence regarding the July 27 phone call and the August 5 chime message. Ex. C at 60:2-61:18; Ex. E. Micah McCabe, an Amazon Senior Manager of Program Management, testified that ShaZor was one of about 150 DSPs that received a Breach of Contract in late September 2021 for failure to scale during Prime Week. Pl.'s Mot. at ¶ 18; Ex. C at 358:14-359:11; Ex. DD at 398:22-399:2, Dkt. No. 29. Additionally, McCabe and Rood testified that Amazon routinely issued breaches of contract when an unauthorized driver operated a DOT-regulated vehicle—the same type of conduct that resulted in ShaZor's second Breach of Contract. Ex. C at 283:2-9, 284:3-10, 360:1-4. At the hearing's conclusion, the panel agreed to summarize its rationale "in abbreviated form." *Id.* at 417:6-16.

The panel issued a seven-page final award of arbitration. Ex. V. The panel found that "ShaZor failed to meet its burden to prove that Respondent Amazon retaliated against ShaZor in violation of 42 U.S.C. §1981." *Id.* at 3. Additionally, the panel found that "Shazor did not prove

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 4

Amazon was motivated by retaliation. Nor did it prove that but for Mr. Smith's complaint of discrimination, Amazon would have renewed the agreement between the parties." *Id.* at 5. Further, the panel found that, even if Shazor had met its burden of proof as to liability, it did not establish its damages with reasonable certainty. *Id.*

### C.  The Current Motion

Following the conclusion of the arbitration proceedings, ShaZor filed the instant motion to vacate the arbitration award. *See generally* Pl.'s Mot.; Pl.'s MOL. ShaZor argues that the arbitration award should be vacated because (1) the panel manifestly disregarded § 1981 retaliation law, and (2) there was evident partiality in the panel. Pl.'s Mot. at ¶¶ 28-29; Pl.'s MOL at 8-12.

### III.  LEGAL STANDARD

Review of an arbitration decision is "limited and highly deferential." *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Sheet Metal Worker' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify a federal court review of an arbitral award under the [Federal Arbitration Act ("FAA")], which is unambiguous in this regard." *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 994 (9th Cir. 2003)). Thus, when presented with an application to confirm an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10, 11]." 9 U.S.C. § 9.

Section 10 of the FAA provides the exclusive grounds for vacating an arbitration award. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). As relevant, a court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators" or where

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 5

"the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(2), (4). A court may vacate an arbitration award on the basis that the Arbitrators exceeded their powers where the award "evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera*, 341 F.3d at 997-98. The burden of establishing grounds for vacating an arbitration award is on the party seeking it. *See Emps. Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1489 (9th Cir. 1991).

## IV.     DISCUSSION

### A. The Panel Did Not Manifestly Disregard § 1981 Retaliation Law

ShaZor first argues that the panel's award should be vacated for manifest disregard of the law because it does not mention ShaZor's "most decisive evidence" of retaliation: the August 5 chime message. Pl.'s Mot. at ¶ 28; Pl.'s MOL at 10-11.

Manifest disregard "requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (quoting *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir. 1961)). "[T]o demonstrate manifest disregard, the moving party must show that the arbitrator underst[oo]d and correctly state[d] the law, but proceed[ed] to disregard the same." *Id.* (alterations in *Collins*) (quoting *San Martine Compania De Navegacion*, 293 F.2d at 801)); *see also Bosack*, 586 F.3d at 1104 ("[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it.") (alteration in original) (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004)). "The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 6

(9th Cir. 2004) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 934 (2d Cir.1986)).

Here, ShaZor's argument that the panel's failure to reference a particular piece of evidence in the award shows manifest disregard fails because Arbitrators are not required to provide support for their findings in their awards or to explain their conclusions. *See Wilko v. Swan*, 346 U.S. 427, 436 (1953) (noting that an Arbitrators' award "may be made without explanation of their reasons and without a complete record of their proceedings"), *overruled in part on other grounds by Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477 (1989). The panel in this case agreed to provide an abbreviated form of their rationale, not a detailed award. Ex. C at 417:6-16. Therefore, this Court cannot and does not assume that the panel's failure to reference the August 5 chime message in the abbreviated seven-page award shows that the panel did not consider that evidence. Additionally, to the extent that ShaZor argues that the award reflects that the panel considered but improperly weighed the evidence, the Court "ha[s] no authority to re-weigh the evidence." *Coutee*, 336 F.3d at 1134. Accordingly, ShaZor has failed to meet its burden of establishing manifest disregard of the law.

**B. ShaZor Fails to Demonstrate Evident Partiality in the Panel**

The burden on the party alleging evident partiality is a heavy one. "[T]he party alleging evident partiality [in actual bias cases] must establish specific facts which indicate improper motives." *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996) (second alteration in

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 7

original) (quoting *Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985)).[4]

Here, none of the evidence that ShaZor cites to in support of its actual bias claim indicates improper motives on the part of anyone on the panel. ShaZor primarily takes issue with the panel's reliance on certain evidence favorable to Amazon in its award, but "the fact that an arbitrator consistently relied on evidence and reached conclusions favorable to one party, is not enough [to] establish 'evident partiality.'" *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 926, 940 (N.D. Cal. 2003) (quoting *Bell Aerospace Co. Div. of Textron, Inc. v. Local 516*, 500 F.2d 921, 923 (2d Cir. 1974)).

ShaZor also argues that the panel's ultimate finding that "there was no evidence of retaliation" contradicts the panel's finding on summary judgment that there was an issue of material fact regarding retaliation. Pl.'s Mot. at ¶ 23; Pl.'s MOL at 4. However, ShaZor misstates the panel's ultimate findings. The panel found that ShaZor failed to meet its burden to prove its retaliation

---

[4] A party alleging evident partiality may also prove its claim by showing that Arbitrators failed to disclose to the parties information that creates a reasonable impression of bias. *Woods*, 78 F.3d at 427. But it appears that ShaZor's evident partiality claim is one of actual bias rather than non-disclosure. Traditionally, evident partiality claims based on non-disclosure arise in cases involving potential conflicts of interest. *See, e.g., Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 146, 150 (1968) (holding that petitioner was entitled to have an arbitration award set aside on based on evident partiality where a member of the arbitration panel had close business connections to the respondent that were unknown to the petitioner until after an award was made); *Schmitz v. Zilveti*, 20 F.3d 1043, 1045 (9th Cir. 1994). ShaZor asserts that the panel's award references evidence not in the record. Pl.'s MOL at 11. However, ShaZor does not argue that the panel failed to disclose any facts that would suggest bias in favor of Amazon. *See generally id.*; Pl.'s Mot. at ¶ 29. Nevertheless, to the extent that ShaZor is arguing evident partiality based on the panel's non-disclosure of the sources it relied on in reaching its final decision, that claim fails because the panel's findings that ShaZor takes issue with as not being part of the record are indeed record evidence. *See* Ex. C at 283:2-9, 284:3-10, 358:14-359:11, 360:1-4; Ex. DD at 398:22-399:2.

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

claim, not that there was no evidence of retaliation. Ex. V at 3, 5. That conclusion is not inconsistent with the panel's finding on summary judgment that there was an issue of material fact regarding retaliation. Additionally, the panel's ultimate finding that ShaZor failed to prove its retaliation claim is insufficient by itself to show evident partiality in the panel, and as noted above, none of the other evidence ShaZor cites to in support of its actual bias claim indicates that anyone on the panel had improper motives. *See Certain Underwriters at Lloyd's London*, 264 F. Supp. 2d at 940; *Woods*, 78 F.3d at 427. Therefore, ShaZor's evident partiality claim fails.

Accordingly, ShaZor has failed to establish any ground for vacating the arbitration award, and, thus, the award must be confirmed.

## V.   CONCLUSION

For the foregoing reasons,

1. ShaZor's motion to vacate the arbitration award (Dkt. Nos. 1 and 3) is DENIED;
2. Amazon's cross-motion to confirm the award (Dkt. No. 25) is GRANTED; and
3. This case is DISMISSED with prejudice.

DATED this 19th day of November 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

**ORDER** DENYING MOTION TO VACATE AND GRANTING CROSS-MOTION TO CONFIRM ARBITRATION AWARD

- 9